**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OLIVIA LaVOICE, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　／ | Case No. 1:24-cv-01122-KES-SKO<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Doc. 14)** |

Plaintiff Jamie Osuna is proceeding *pro se* and *in forma pauperis* in this action. (Doc. 14). Plaintiff filed his First Amended Complaint on October 3, 2024. (Doc. 8 ("FAC")). The civil cover sheet filed with Plaintiff's original complaint as well as Plaintiff's First Amended Complaint indicate that the case is brought by Plaintiff under diversity jurisdiction. (Doc. 1-1 at 1; FAC ¶ 1). The jurisdictional allegations of the Complaint appear to be defective.

### I.　LEGAL STANDARD

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of the statute. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by her state of domicile." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(c)(1)).

The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It may do so even before service of process. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).

## II.   ANALYSIS

In his complaint, Plaintiff alleges that he is a citizen of California. (FAC ¶ 11). The complaint also names three defendants: (1) an individual, Olivia LaVoice, allegedly a citizen of Washington, (FAC ¶ 12); (2) a corporation, Nexstar, allegedly a citizen of Texas, (FAC ¶ 14); and (3) a corporation, KGET17, for which there are no allegations concerning citizenship, principal place of business, or place of incorporation in the complaint, (FAC ¶ 13).[1]

"A party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties. *Kanter*, 265 F.3d at 857 (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.")).

---

[1] While Plaintiff does not allege citizenship as to KGET17, the Court takes judicial notice of the fact that KGET17 is a news station serving Bakersfield, California. *See* Fed. R. Evid. 201. The Court observes that if KGET17 is a citizen of California, complete diversity would be destroyed, and this Court would not have jurisdiction over the present action.

### III.   CONCLUSION

Based on the foregoing, within fourteen (14) days of the issuance of this order, Plaintiff shall show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction. Alternatively, within fourteen (14) days, plaintiff may file an amended complaint which contains allegations addressing the court's jurisdiction and the issues identified herein or may voluntarily dismiss this case.

Plaintiff is warned that if he fails to timely comply with this order, the court may recommend dismissal of the case due to lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **January 14, 2025**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

3