1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  JAMIE OSUNA, | Case No. 1:24-cv-01122-KES-SKO |
| 11           Plaintiff, | |
| 12      v. | **FIRST SCREENING ORDER** |
| 13  OLIVIA LaVOICE, et al., | **ORDER FOR PLAINTIFF TO:** |
| 14           Defendants. | **(1) FILE A SECOND AMENDED** |
| 15        / | **COMPLAINT; OR** |
| 16 | **(2) NOTIFY THE COURT THAT HE** |
| 17 | **WISHES TO STAND ON HIS** |
| 18 | **SECOND AMENDED** |
| 19 | **COMPLAINT** |
| 20 | **(Doc. 17)** |
| 21 | **THIRTY-DAY DEADLINE** |
| 22 | |

23

24          Plaintiff Jamie Osuna is proceeding *pro se* and *in forma pauperis* in this action.  (Doc. 14.)

25 Upon review, the Court concludes that that complaint fails to state any cognizable claims.

26          Plaintiff commenced this action on September 20, 2024, (Doc. 1), and filed a First Amended

27 Complaint on October 3, 2025.  (Doc. 8.)  On January 14, 2025, the undersigned ordered Plaintiff

28 to show cause why the First Amended Complaint should not be dismissed for lack of subject matter

jurisdiction, as Plaintiff had purported to plead diversity jurisdiction under 28 U.S.C. § 1332, but not complete diversity of the parties. (*See* Doc. 15.) Plaintiff timely filed a response on January 22, 2025. (Doc. 16.) That same day, Plaintiff filed a Second Amended Complaint ("SAC") raising the same many of the same state-law claims, but alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, based on a claim for copyright infringement pursuant to 17 U.S.C. § 501. (Doc. 17.) Accordingly, the order to show cause will be discharged.

Upon review, the Court concludes that the SAC fails to state a cognizable copyright infringement claim. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. Because Plaintiff's federal law claim is not cognizable as pleaded, the Court lacks jurisdiction over Plaintiff's state law claims.

Plaintiff has the following options as to how to proceed: Plaintiff may file a third amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this amended complaint, and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

Plaintiff has also filed several motions that are pending before the Court, including a "Remote Appearances Request" (Doc. 3), "Equitable Tolling Request" (Doc. 4), both of which will be denied as moot, subject to renewal, if appropriate, on completion of screening.

## I.    SCREENING AND PLEADING REQUIREMENTS

**A.    Screening Requirement**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*

1  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*

2  *pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir.

3  1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a

4  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of

5  the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en

6  banc).

7       A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:

8  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See*

9  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a

10  minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice

11  of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S.*

12  *Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.

13  1991).

14       In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept

15  as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

16  Although a court must accept as true all factual allegations contained in a complaint, a court need

17  not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that]

18  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

19  between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at

20  557).

21  **B.      Federal Rule of Civil Procedure 8(a)**

22       In determining whether a complaint fails to state a claim, the Court uses the same pleading

23  standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must

24  contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

25  R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the

26  elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*

27  *v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

28  In determining whether a complaint states a claim on which relief may be granted, allegations of

1  material fact are taken as true and construed in the light most favorable to the plaintiff.  *See Love v.*

2  *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  Since Plaintiff is appearing *pro se*, the Court

3  must construe the allegations of [her] complaint liberally and must afford Plaintiff the benefit of any

4  doubt.  *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

5  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke*

6  *v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may

7  not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union*

8  *Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th

9  Cir. 1982)).

10  Further, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief'

11  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

12  action will not do . . . . Factual allegations must be enough to raise a right to relief above the

13  speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556

14  U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient

15  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has

16  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations

18  omitted).

## II.    EVALUATION OF PLAINTIFF'S COMPLAINT

### A.    Plaintiff's Allegations and Claims

21  In his 77-page second amended complaint, Plaintiff brings claims for (1) defamation (Cal.

22  Civ. Code §§ 45, 46), (2) violation of his state constitutional right to privacy (Cal. Const. art. I, § 1),

23  (3) use of likeness (Cal. Civ. Code § 3344), (4) use of medical information for financial gain (Cal.

24  Civ. Code. § 56.36(3)(A)), (5) false light placement (Second Restatement of Torts § 652(E)), (6)

25  civil harassment, (7) recission of a contract made with a person of an unsound mind (Cal. Civ. Code

26  § 39), and (8) copyright infringement (17 U.S.C. § 501 et seq.).  (SAC at 30–49.)

Defendants are individuals and entities involved in the production and distribution of news, including an unauthorized allegedly defamatory podcast biography called "Man with a Thousand Faces" (MWATF).  (SAC ¶ 12–15).

As discussed below, the Court finds that Plaintiff has failed to state a cognizable federal claim.  Therefore, his federal claim and pendant state law claims are subject to dismissal.

**B.      The Second Amended Complaint Does Not State a Claim Under the Copyright Act of 1976**

Plaintiff's sole federal claim is for copyright infringement under 17 U.S.C. § 501 et seq. (*See* SAC ¶¶ 164–76.)   He alleges that Defendant Olivia LaVoice, an "independent reporter, formerly a reporter under KGET17 and Nexstar/Fox13 Seattle," (*id.* ¶ 12), and KGET17, "a media company operating under/through Nexstar Media Group, Inc. with stations in Kern/Kings County CA, (*id.* ¶ 13), "public[shed] Pl.'s private letters, art, materials, inter alia, sent to Def., to Lisa Green, to "Jane," et all, for non-news *MWATF* and or other materials/platforms, violated Pl.'s copyright when plaintiff is the sole owner of the copyright in an original work that is fixed in tangible media of expression."  (*Id.* ¶ 164, *see id.* ¶ 169.)   He further alleges that Defendant Nexstar, "media company" and "license/permit holder for KGET17, (*id.* ¶ 14),  is vicariously liable for "fail[ing] to exercise their right and ability to supervise persons within their control to prevent infringement and did so with an intent to further Def.'s financial gain/interest in such infringement of Pl.'s works. Def. has this directly, contributorily and vicariously infringed on Pl.'s copyright works and is liable under CA. Civ. Code § 2338."[1]  (*Id.* ¶ 176.)

Plaintiff points to several works in which he alleges a copyright interest including: (1) "photos of Pl.," (*id.* ¶ 166); (2) "test/writing from Pl.'s writing/art, as seen in the confidential photos of Pl.'s cell," (*id.* ¶ 167); and (3) "the private letter Pl. wrote to Pl.'s son in his son's baby book," (*id.* ¶ 168).  Plaintiff alleges that he "has been and still is the holder of the exclusive rights under [the Copyright Act] to reproduce and distribute, display, license any reproduction, and/or display in

---

[1] The Court observes that because this is a federal claim, any theory of vicarious liability would need to arise out of federal law rather than state law.  Under federal law, vicarious copyright liability is an "outgrowth" of *respondeat superior*. *See A & M Records, Inc. v. Napster Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001).  Vicarious liability attaches if a defendant had both the (1) "right and ability to supervise the infringing activity" and (2) "a direct financial interest" in the activity.  *Id.* (internal quotation marks omitted).

any manner Pl.'s work." (*Id.* ¶ 164.)  However, nowhere does Plaintiff allege that he has registered any of these works pursuant to section 411(a).

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).  As to the first element, the Supreme Court has held that "before pursuing an infringement claim in court . . . a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting § 411(a)).  "Therefore, although an owner's rights exist apart from registration, *see* § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights".  *Id.*  Because the SAC alleges no facts to show he met this precondition prior to commencing this action, Plaintiff has failed to state a claim of copyright infringement.

**C.    This Court Does Not Have Jurisdiction Over Plaintiff's State Law Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  However, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  *See* 28 U.S.C. § 1367.  In the absence of any cognizable federal claims, the Court declines to individually screen Plaintiff's purported state law claims.

**D.    Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time

6

to file an amended complaint, so Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must plead each of the elements of a copyright claim including the registration requirement. *See Fourth Est. Pub. Benefit Corp.*, 586 U.S. at 301. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS ORDERED that:

1.    The Order to Show Cause (Doc. 15) is DISCHARGED;

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.  File a First Amended Complaint; or

    b.  Notify the Court in writing that he wants to stand on this complaint;

3.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to case number 1:24-cv-01122-KES-SKO; and

4.     Failure to comply with this order may result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated:   **February 3, 2025**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE