**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OLIVIA LaVOICE, et al.,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:24-cv-01122-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>(Doc. 19, 20)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Jamie Osuna is proceeding *pro se* and *in forma pauperis* in this action. (Doc. 14.) Plaintiff commenced this action on September 20, 2024, (Doc. 1), and filed a First Amended Complaint on October 3, 2025, (Doc. 8.) On January 14, 2025, the undersigned ordered Plaintiff to show cause why the First Amended Complaint should not be dismissed for lack of subject matter jurisdiction, as Plaintiff had purported to plead diversity jurisdiction under 28 U.S.C. § 1332, but had not plead complete diversity of the parties. (*See* Doc. 15.) Plaintiff timely filed a response on January 22, 2025. (Doc. 16.) That same day, Plaintiff filed a Second Amended Complaint ("SAC") raising the many of the same state-law claims, and also alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, based on a claim for copyright infringement pursuant to 17 U.S.C. § 501. (Doc. 17.) The undersigned then discharged the order to show cause. (Doc. 18.)

Upon review of the SAC, the undersigned concluded that it failed to state a cognizable copyright infringement claim and Plaintiff's federal law claim was not cognizable as pleaded, which meant the Court also lacked jurisdiction over Plaintiff's state law claims. (*Id.* at 6)  Plaintiff was given leave to further amend to remedy the deficiencies identified in the SAC. (*Id.* at 6–7.)  On February 20, 2025, Plaintiff filed a Third Amended Complaint ("TAC"), (Doc. 19), along with a "Response to Order (Doc. 18)" to the undersigned's screening order, (Doc. 20).

The undersigned has reviewed the TAC and for the reasons set forth below, the undersigned recommends that this action be dismissed for failure to state a claim without further leave to amend. Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## I.   SCREENING AND PLEADING REQUIREMENTS

### A.   Screening Requirement

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint may be dismissed as a matter of law for failure to state a claim for: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of the nature of

plaintiff's claims and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

**B.     Federal Rule of Civil Procedure 8(a)**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of [her] complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II.    EVALUATION OF PLAINTIFF'S COMPLAINT

### A.    Plaintiff's Allegations and Claims

In his 25-page third amended complaint, Plaintiff brings claims for (1) libel and libel per se (Cal. Civ. Code § 45), (2) violation of his state constitutional right to privacy (Cal. Const. art. I, § 1), (3) use of likeness (Cal. Civ. Code § 3344), (4) use of medical information for financial gain (Cal. Civ. Code. § 56.36(3)(A)), (5) false light placement (Second Restatement of Torts § 652(E)), (6) civil harassment, (7) recission of a contract made with a person of an unsound mind (Cal. Civ. Code § 39), and (8) copyright infringement (17 U.S.C. § 501 et seq.). (TAC at 16–24.)

Defendants are individuals and entities involved in the production and distribution of news, including an unauthorized allegedly defamatory podcast biography called "Man with a Thousand Faces" (MWATF). (TAC ¶¶ 4, 10–13.)

As discussed below, the Court finds that Plaintiff has failed to state a cognizable federal claim. Therefore, his federal claim and pendant state law claims are subject to dismissal.

### B.    The Third Amended Complaint Does Not State a Claim Under the Copyright Act of 1976

Plaintiff's sole federal claim is for copyright infringement under 17 U.S.C. § 501 et seq. (*See* TAC ¶¶ 119–28.) Specifically, he alleges that Defendant Olivia LaVoice, a former "KGET17 reporter," (*id.* ¶ 10), and KGET17, "a media company" with "stations in Kern/Kings County CA," (*id.* ¶ 11), "publi[shed] Pl.'s private letters/art for non-news MWATF, and or other materials, [which] violated Pl.'s copyright when Pl. is the sole owner of the copyright in an original work that is fixed in tangible media of expression under case no./registration 1-14734254275." (*Id.* ¶ 120.)

Plaintiff also makes allegations as to copyright infringements under other "case no[s]./registration[s]" 1-14736572771, (*id.* ¶ 121); 1-14734282953., (*id.* ¶ 122); and 1-14767108071, 1-14 778251341, (*id.* ¶ 123). He makes almost identical allegations as to Defendant KGET17. (*See id.* ¶¶ 124–27.) He further alleges that Defendant Nexstar, "media company" and "license/permit holder for KGET17, (*id.* ¶ 14), is vicariously liable because it "ha[d] editorial control, implicitly authoriz[ing] and ratif[ying] the copyright infringements described in paragraphs 119-127 for case nos./registrations 1-14736572771, 1-14734282953, 1-14734254275, 1-14767108071, 1-14778251341, which was done for/under the scope of Def. Nexstar's employment." (*Id.* ¶ 128.) Plaintiff further alleges that Defendant Nexstar "implicitly authorized, ratified such copyright infringements with an intent to further Def.'s financial gain." (*Id.*)

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991). As to the first element, the Supreme Court has held that "before pursuing an infringement claim in court . . . a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting § 411(a)). "Therefore, although an owner's rights exist apart from registration, *see* § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights". *Id.*

While Plaintiff has alleged that he has registered works pursuant to section 411(a) that are the basis for his copyright claim, the purported registration numbers do not plausibly allege registration. While at this stage the court must take all allegations as true, it must only do so where the allegations are "plausible." *see Iqbal*, 556 U.S. at 678. Here, taking judicial notice of the fact that registration numbers assigned to published works have a "2-letter prefix followed by 10 numbers" and registration numbers assigned to unpublished works have a "2-letter prefix followed by 10 numbers,"[1] *see Basic Search - Registration Number*,

---

[1] The Court may take judicial notice of information on official government websites. *See McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

https://cocatalog.loc.gov/help/regnum.htm, the undersigned finds that Plaintiff's allegations of registration are not plausible. Therefore, because the TAC fails to plausibly allege facts to show he met this precondition prior to commencing this action, Plaintiff has failed to state a claim of copyright infringement.

### C.   This Court Does Not Have Jurisdiction Over Plaintiff's State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). However, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. Therefore, the undersigned recommends that the state law claims be dismissed for lack of jurisdiction.

### D.   Leave to Amend

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

The undersigned has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Plaintiff was provided with applicable legal standards, an explanation why his complaint failed to state a claim and leave to file a further amended complaint. The further amended complaint that Plaintiff filed did not remedy the deficiencies previously identified.

Plaintiff has repeatedly demonstrated that he is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his third amended complaint. Thus, the undersigned recommends the Plaintiff not be given any further leave to amend and further recommends that the action be dismissed.

### III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. <u>Within thirty (30) days of service of these findings and recommendations,</u> Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 25, 2025**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE