UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA,<br><br>    Plaintiff,<br><br>  v.<br><br>OLIVIA LAVOICE, et al.,<br><br>    Defendants. | Case No. 1:24-cv-01122-KES-SKO<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 21 |

  Plaintiff Jamie Osuna is proceeding pro se and in forma pauperis in this action alleging claims for copyright infringement under 17 U.S.C. § 501 and related state-law claims. Doc. 19. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On February 26, 2025, the assigned magistrate judge screened plaintiff's third amended complaint ("TAC") and issued findings and recommendations recommending that this action be dismissed for failure to state a claim. Doc. 21. Specifically, the magistrate judge determined that, because plaintiff did not plausibly allege that he had a registered copyright under the Copyright Act, 17 U.S.C. § 501, he failed to satisfy a predicate element of such a claim. *Id.* at 5–6. Because plaintiff's federal claim failed, the magistrate judge further recommended dismissal of plaintiff's

1  pendant state law claims for lack of jurisdiction. *Id.* The findings and recommendations were
2  served on plaintiff and contained notice that any objections thereto were to be filed within thirty
3  (30) days after service. *Id.* at 7. On March 14, 2025, plaintiff timely filed objections. Doc. 22.

In his objections, plaintiff attaches a copy of the copyright registration record and registration number underlying plaintiff's copyright claim. Doc. 22 at 4. A review of the record indicates that the copyright was registered after plaintiff filed his TAC on February 20, 2025. *Id.* Under 17 U.S.C. § 411, a copyright owner may not sue for infringement until registration of the copyright has been made. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com LLC*, 586 U.S. 296, 302 (2019).

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, including plaintiff's objections, the Court concludes that, as to the finding that plaintiff's TAC fails to state a claim, the findings and recommendations are supported by the record and proper analysis. Because plaintiff's TAC was filed before he contends that he registered his copyright, the TAC fails to satisfy the requirements of § 411 and must be dismissed. However, to the extent that plaintiff has now registered his copyright, he will be afforded one final opportunity to amend his complaint.

**Plaintiff is informed that an amended complaint *supersedes* a prior complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). An amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220.**

///
///
///
///
///
///
///
///
///

2

Accordingly:

1. The findings and recommendations issued February 26, 2025, Doc. 21, are adopted in part, as set forth above;
2. Plaintiff's Third Amended Complaint is dismissed with leave to amend.
3. <u>Within thirty days of the date of service of this Order</u>, plaintiff may file:
   a. A fourth amended complaint including plaintiff's Copyright Act claim, sufficiently alleging his copyright registration, and plaintiff's state law claims; <u>or</u>
   b. Notice of voluntary dismissal, if plaintiff no longer wishes to pursue this action.
4. If plaintiff does not respond within thirty days, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:    August 3, 2025

_____
UNITED STATES DISTRICT JUDGE