Robert S. Gutierrez (Bar No. 143223)
gutierrezr@ballardspahr.com
Elizabeth Schilken (Bar No. 241231)
schilkene@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel: 424.204.4400
Fax: 424.204.4350

Attorneys for Defendant
Nexstar Media Inc.
(erroneously sued as Nexstar Media
Group, Inc. and KGET17 News)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Jamie Osuna
CDC # BD0868
CSP-COR
PO Box 3476
Corcoran, CA 93212,

Plaintiff,

v.

Olivia LaVoice
KGET17 News,
Nexstar, et al,

Defendants.

CASE NO. 1:24-cv-01122-KES-EGC

The Hon. Kirk E. Sherriff

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

**TO THE COURT AND PLAINTIFF IN PRO PER:**

Please take notice that, in connection with its Motion to Dismiss Fourth Amended Complaint ("Motion") filed concurrently herewith, Defendant Nexstar Media Inc. ("Defendant") hereby requests that the Court take judicial notice of the following materials attached to the Declaration of Robert S. Gutierrez in Support of Defendant's Motion ("Gutierrez Decl."):

(1) Exhibit 1: USB drive containing copy of Episode 1 of the podcast entitled "The Man With a Thousand Faces" (the "Podcast");

(2) Exhibit 2: USB drive containing copy of Episode 2 of the Podcast;

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

(3) Exhibit 3: USB drive containing copy of Episode 3 of the Podcast;

(4) Exhibit 4: USB drive containing copy of Episode 4 of the Podcast;

(5) Exhibit 5: USB drive containing copy of Episode 5 of the Podcast;

(6) Exhibit 6: USB drive containing copy of Episode 6 of the Podcast;

(7) Exhibit 7: Screenshots of YouTube webpages for Podcast Episodes 1-6;

(8) Exhibit 8: Copies of copyright registration records dated 2025 for TXu002472056, PAu004259370, VAu001547474, and TXu002471802;

(9) Exhibit 9: A *Los Angeles Times* article dated May 27, 2021, titled, "A self-styled satanist beheaded his cellmate, but the guards didn't notice, report says," accessed at https://www.latimes.com/california/story/2021-05-27/satanist-beheading-prison-guards-cellmate-california;

(10) Exhibit 10: Felony Information filed by Kern County District Attorney on July 17, 2013 in *The People of the State of California v. Jaime Osuna*, Case No. BF139419A, in Kern County Superior Court; and

(11) Exhibit 11: Felony Advisement of Rights, Waiver and Plea Form filed on March 28, 2017 in *The People of the State of California v. Jaime Osuna*, Case No. BF139419A, in Kern County Superior Court.

DATED: September 9, 2026

**BALLARD SPAHR LLP**

By: */s/ Robert S. Gutierrez*
Robert S. Gutierrez

Attorneys for Defendant
Nexstar Media, Inc.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**MEMORANDUM OF POINTS AND AUTHORIES**

Defendant Nexstar Media Inc. ("Defendant") hereby requests that the Court take judicial notice of the following materials attached to the Declaration of Robert S. Gutierrez ("Gutierrez Decl.") when ruling on Defendant's Motion to Dismiss the Fourth Amended Complaint under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1) ("Motion"):

(1) Exhibit 1: USB drive containing copy of Episode 1 of the podcast entitled "The Man With a Thousand Faces" (the "Podcast");

(2) Exhibit 2: USB drive containing copy of Episode 2 of the Podcast;

(3) Exhibit 3: USB drive containing copy of Episode 3 of the Podcast;

(4) Exhibit 4: USB drive containing copy of Episode 4 of the Podcast;

(5) Exhibit 5: USB drive containing copy of Episode 5 of the Podcast;

(6) Exhibit 6: USB drive containing copy of Episode 6 of the Podcast;

(7) Exhibit 7: Screenshots of YouTube webpages for Podcast Episodes 1-6;

(8) Exhibit 8: Copies of copyright registration records dated 2025 for TXu002472056, PAu004259370, VAu001547474, and TXu002471802;

(9) Exhibit 9: Felony Information filed by Kern County District Attorney on July 17, 2013 in *The People of the State of California v. Jaime Osuna*, Case No. BF139419A, in Kern County Superior Court;

(10) Exhibit 10: Felony Advisement of Rights, Waiver and Plea Form filed on March 28, 2017 in *The People of the State of California v. Jaime Osuna*, Case No. BF139419A, in Kern County Superior Court; and

(11) Exhibit 11: A *Los Angeles Times* article dated May 27, 2021, titled, "A self-styled satanist beheaded his cellmate, but the guards didn't notice, report says," accessed

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

at https://www.latimes.com/california/story/2021-05-27/satanist-beheading-prison-guards-cellmate-california.

A court may judicially notice a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). For the reasons set forth below, the Court should take judicial notice of the Podcast episodes, U.S. Copyright Office records, Kern County Superior Court records, and *Los Angeles Times* news article.

<u>Podcast episodes and screenshots (Exs. 1-7)</u>

The Podcast episodes and screenshots on YouTube (Exs. 1-7) are subject to judicial notice, and properly considered on this Motion under the incorporation by reference doctrine.

<u>First</u>, the Podcast episodes and screenshots on YouTube are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As such, they are subject to judicial notice. *Roman v. Newsom*, 2026 U.S. Dist. LEXIS 137450, *34 (C.D. Cal. Feb. 24, 2026) (taking judicial notice of YouTube screenshots and video) ("the Court grants Defendants' RJN and takes judicial notice of the [YouTube] video's existence, date of publication, and content, but not for the truth of any statement made in it"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46, 151-53 (N.D. Cal. 2020) (taking judicial notice of contents of websites and social media).

<u>Second</u>, the Podcast episodes are subject to the incorporation by reference doctrine, which "permits a court to take into account at the Rule 12(b)(6) stage documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Whitehead v. Netflix, Inc.*, 2022 WL 17342602, at *8 (N.D. Cal. Nov. 30, 2022) ("Courts

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

frequently employ judicial notice and the incorporation-by-reference doctrine to consider the content of materials in copyright infringement cases at the motion to dismiss stage."); *Mills v. Netflix, Inc.*, 2020 U.S. Dist. LEXIS 17797, *4 (C.D. Cal. Feb. 3, 2020) (YouTube video incorporated by reference in complaint considered on motion to dismiss). The Podcast episodes and the webpages for the episodes are repeatedly referenced in and form an integral part of the allegations of the FAC; thus, they may be considered by the Court under the incorporation by reference doctrine.

<u>Copyright Office registration records (Ex. 8)</u>

The copyright registration records for TXU002472056 (accessed at https://publicrecords.copyright.gov/detailed-record/voyager_38130773), PAU004259370 (accessed at https://publicrecords.copyright.gov/detailed-record/voyager_38343513), VAU001547474 (accessed at https://publicrecords.copyright.gov/detailed-record/voyager_38174881), and TXu002471802 (accessed at https://publicrecords.copyright.gov/detailed-record/voyager_38126730) (Ex. 8) are subject to judicial notice as U.S. Copyright Office records which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *Roderick v. Joel*, 2026 U.S. Dist. LEXIS 6230, *7 (S.D.N.Y. Jan. 12, 2026) ("In copyright infringement cases, district courts may take judicial notice of a litigant's federal copyright registration, as published in the USCO's registry."); *Creative Photographers, Inc. v. Watan News, LLC*, 2025 U.S. Dist. LEXIS 61532, *2 (C.D. Cal. Mar. 26, 2025) ("because copyright registrations are public record, the Court *sua sponte* takes judicial notice of the registration with the U.S. Copyright Office"). Thus, the registrations are subject to judicial notice.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Kern County Superior Court documents (Case No. BF139419A) (Exs. 9-10)

A court may take judicial notice of court records for the limited purpose of establishing the fact that a document exists. *Lomeli v. Pfeiffer*, 2026 U.S. Dist. LEXIS 89915, *4 (E.D. Cal. Apr. 23, 2026) ("This Court may judicially notice the records and filings of other court proceedings."); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803, n.2 (9th Cir. 2002) (same). Thus, the Court may take judicial notice of the Felony Information and the Felony Advisement of Rights, Waiver and Plea Form (Exs. 9-10) filed in Case No. BF139419A in Kern County Superior Court, for the purpose of establishing these documents are a matter of public record.

*Los Angeles Times* article (Ex. 11)

The *Los Angeles Times* article dated May 27, 2021, titled, "A self-styled satanist beheaded his cellmate, but the guards didn't notice, report says," accessed at https://www.latimes.com/california/story/2021-05-27/satanist-beheading-prison-guards-cellmate-california (Ex. 11), is properly subject to judicial notice, not for its contents but to show that the murder of Plaintiff's cellmate Luis Romero at Corcoran State Prison has been reported in the news. Fed. R. Evid. 201(b)(2); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 (9th Cir. 2013) ("We grant Makaeff's requests to take notice of book collaborations between Donald Trump and Trump University, newspaper and magazine articles, and web pages … 'to indicate what was in the public realm at the time'") (citation omitted).

For the above reasons, Defendant respectfully requests that the Court take judicial notice of Exhibits 1-11 to the Gutierrez Declaration; and requests that the Court consider Exhibits 1-7 under the doctrine of incorporation by reference.

DATED: September 9, 2026

BALLARD SPAHR LLP

By: */s/ Robert S. Gutierrez*
Robert S. Gutierrez

Attorneys for Defendant NEXSTAR MEDIA INC.