FILED

SEP 21 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

JAMIE OSUNA BD0868
CSP-COR PO Box 8800
Corcoran, CA 93212,
Plaintiff,

v.
OLIVIA LaVOICE, et al.,
Defendants.

Case No. 1:24-cv-01122-KES-EGC

NOTICE OF MOTION AND MOTION TO CLARIFY DEFENDANT IDENTITY AND CAPTION AND ADDRESS ACCESS TO RECORDED EXHIBITS; DECLARATION

No hearing unless ordered. L.R. 230(l).

TO ALL PARTIES AND COUNSEL: Plaintiff moves under Federal Rules of Civil Procedure 5, 7(b), and 21 and Local Rules 131 and 135 to clarify the corporate defendants and KGET's legal designation without removing Nexstar Media Group, Inc., and address inaccessible recordings supporting ECF No. 37. This motion rests on the cited records and accompanying declaration.

## I. DEFENDANT IDENTITY AND CAPTION

The service order separately names KGET17 News and "Nextstar Media Group, Inc." ECF No. 31 at 1. The waiver signed August 5, 2026, names Nexstar Media Group, Inc. ("NMG"); a separate Marshal's return records delivery for KGET17 News on August 19. ECF Nos. 34 at 1; 35 at 1. ECF citations use Court PDF pagination.

Nexstar Media Inc. ("NMI") instead moves as the entity "erroneously sued as Nexstar Media Group, Inc. and KGET17 News" and identifies itself as KGET's owner and operator and the podcast's publisher. ECF No. 37 at 1, 11.

The FCC identifies NMI as KGET-TV's licensee. FCC Public Notice DA 26-836 (Aug. 21, 2026), station list at 3, entry 62 (PDF p. 9). NMG's Form 10-K, Exhibit 21.1, filed February 27, 2026, lists NMI as its Delaware subsidiary as of December 31, 2025. SEC Accession No. 0001193125-26-078361. Plaintiff requests judicial notice of these official entity identifications and the cited docket acts. Fed. R. Evid. 201(b)(2), (c)(2). The existing docket documents are specifically identified rather than duplicated. L.R. 142(a)(3).

If KGET is NMI's business name rather than a separate entity, any resulting designation correction under Rule 21 does not itself resolve the claims against separately named NMG. A

business name does not create a separate legal entity. *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348–49 (1996). Parent ownership and liability for the parent's own conduct are distinct questions. *United States v. Bestfoods*, 524 U.S. 51, 61–65 (1998). Counsel must identify each represented party under Local Rule 131(a); Rule 5(b)(1) directs service through that party's counsel. Corporate disclosures are required by Rule 7.1(a)(1) and (b).

## II. ACCESS TO RECORDED EXHIBITS

Counsel describes Exhibits 1–6 as six password-protected USB recordings of The Man With A Thousand Faces ("MWATF"), sent to Plaintiff, while the Court received electronic uploads. ECF No. 37-1 at 2, ¶ 3 & n.1. NMI asks the Court to consider the episodes in deciding dismissal. ECF No. 37-2 at 4–5. On September 15, 2026, prison staff denied Plaintiff access to the USB materials and informed him they would be returned. He has no institutionally available playback equipment and has not reviewed the submitted files. Decl. ¶¶ 1–3.

Local Rule 135(b) requires conventional service on unregistered prisoners; subdivision (d) requires service of submitted documents. Mailing electronic media does not give Plaintiff usable access to its contents. He has public-episode transcripts, but cannot compare them with NMI's submitted files or evaluate audio or visual material absent from the paper record. Decl. ¶ 4. Fed. R. Evid. 201(e) permits a timely request to be heard on judicial notice and the facts to be noticed. Plaintiff seeks usable access before adverse reliance, not routine duplicate transcripts or additional USBs.

## III. REQUESTED RELIEF

Plaintiff requests that the Court:

1. Require counsel, within fourteen days, to identify KGET17 News's legal status, every represented party, whether ECF No. 37 seeks relief for NMG, which entity counsel contends the filed waiver covers, and the basis for any proposed substitution or removal; and identify or file the required Rule 7.1 disclosure.
2. Resolve any remaining identity or waiver dispute after Plaintiff has an opportunity to respond, and permit any necessary limited amendment. Plaintiff does not seek dismissal of NMG or any other defendant, or abandonment of any claim, through this request.

3. Before relying on any inaccessible portion of Exhibits 1–6 to dismiss a claim, provide Plaintiff a reasonable opportunity to review and respond to that portion. As directed by the Court, require NMI to identify the relevant episode and timestamps and serve accurate paper transcripts with sufficient context and material still images. Paper copies shall be sent by confidential legal mail to Plaintiff's address of record, with the sending attorney's name, title, office, and State Bar-listed return address on the envelope. Cal. Code Regs. tit. 15, §§ 3141(d), 3143.

4. If paper is inadequate, identify the recordings and necessary context requiring review and permit Plaintiff to address the proposed review method and security safeguards before ordering access. Plaintiff does not request an institution-administered listening session. Any alternative should be Court-supervised, protect the playback and Plaintiff's notes from access by other inmates, and permit pausing, replay, note-taking, and a written response before adverse reliance. If a Court-supervised session is ordered, issue an order directing Plaintiff's custodian to facilitate his participation under these safeguards, and serve it on the Warden and litigation coordinator sufficiently in advance. If safe, meaningful access cannot be arranged, decline to rely on the inaccessible material against Plaintiff in deciding dismissal. Access relief is independent of identity issues and preserves evidentiary objections.

September 17, 2026

Jamie C Osuna

p.p. Jamie Osuna

**DECLARATION OF JAMIE OSUNA**

1. I am Plaintiff, incarcerated at California State Prison-Corcoran, and am not an electronic filer. I submit this declaration in support of the accompanying motion and have personal knowledge of these facts.
2. On September 15, 2026, at approximately 5:16 p.m., Correctional Officer L. Adema told me that, after checking with a sergeant, I would not be permitted access to the USB materials and the service materials would be returned. She said she would prepare a CDCR 128 chrono and send me written notice explaining the return. I was not given access.
3. I have no institutionally available equipment to play the submitted recordings and have not reviewed those files. Another USB, password, or internet link would not provide usable access under my present conditions.
4. I have transcripts of the publicly released MWATF episodes and can review paper materials. I cannot compare those transcripts with NMI's submitted files, verify their timestamps, or review audio or visual content missing from the transcripts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

September 17, 2026

Jamie C. Osuna

p.p. Jamie Osuna

**PROOF OF SERVICE**

Plaintiff proceeds pro se and submits these papers in paper form under L.R. 133(a), (b)(2). Upon filing and transmission through CM/ECF, the Notice of Electronic Filing effects service on registered counsel Robert S. Gutierrez and Elizabeth Schilken for Nexstar Media Inc. (identified in ECF No. 37 as "erroneously sued as Nexstar Media Group, Inc. and KGET17 News"). Fed. R. Civ. P. 5(b)(2)(E); L.R. 135(a), (f), (g)(1). No separate certificate is required for that electronic service. Fed. R. Civ. P. 5(d)(1)(B). The proof below concerns conventional service on LaVoice.

On September 17, 2026, in California, copies of Plaintiff's (1) Opposition to Nexstar Media Inc.'s Motion to Dismiss Fourth Amended Complaint and Objections to Request for Judicial Notice; (2) Motion to Clarify Defendant Identity and Caption and Address Access to Recorded Exhibits, including declaration; and (3) Motion to Redact Thumbprint and Restrict Public Access to Recorded Exhibits, including proposed order, were enclosed in sealed envelopes addressed as follows, with first-class postage fully prepaid, and placed for mailing through the United States Postal Service:

1. Olivia LaVoice
   434 10th Ave W
   Kirkland, WA 98033
2. Olivia LaVoice
   c/o Richard LaVoice
   708 2nd St
   Kirkland, WA 98033-9805

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 17, 2026

p.p. Jamie Osuna