FILED

SEP 21 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE OSUNA BD0868<br>CSP-COR PO Box 8800<br>Corcoran, CA 93212,<br>Plaintiff,<br><br>v.<br>OLIVIA LaVOICE, et al.,<br>Defendants. | Case No. 1:24-cv-01122-KES-EGC<br><br>NOTICE AND MOTION TO REDACT THUMBPRINT AND RESTRICT PUBLIC ACCESS TO RECORDED EXHIBITS<br><br>No hearing unless ordered. L.R. 230(l). |

TO ALL PARTIES AND COUNSEL: Under Rule 5.2(d)–(e) and Local Rules 140(b) and 141, Plaintiff requests protection of (1) "Defendant's Thumb Print" in Exhibit 10, ECF No. 37-1 at 27; and (2) all six complete MWATF recordings, Exhibits 1–6 supporting ECF No. 37, including uploaded and portable-media copies. Court PDF pagination is used.

Compelling reasons must support protection of these merits exhibits. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Preventing circulation of libelous material or promotion of public scandal may qualify upon a specific factual showing. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

1. Thumbprint. The biometric detail is unnecessary to understand the charges, plea, or dismissal arguments. Within seven days, Nexstar Media Inc. should file a public replacement for ECF No. 37-1 (33 pages), irreversibly redacting only the thumbprint and preserving all other content and pagination. The original should remain under seal until further order. Plaintiff does not seek wholesale sealing of the charging information or plea.

2. Complete recordings. Counsel identifies six YouTube episodes uploaded for the Court and sent to Plaintiff on USB drives. ECF No. 37-1 at 2, ¶ 3 & n.1. The FAC challenges intimate sexual, therapeutic, and medication disclosures and previously private photographs. FAC ¶¶ 41, 45, 75–79. Episode 5 reproduces the disputed 2017 interview; Episode 6 includes Hume's disputed account. FAC ¶¶ 8–11, 29, 67. The recordings also reproduce works claimed under copyright. FAC ¶¶ 52–55. The pleaded harms include psychological injury and increased harassment and retaliation risks in custody. FAC ¶ 79.

Plaintiff reports obtaining removal from Apple, Spreaker, Spotify, and Amazon; YouTube has not removed the episodes. Downloadable court copies could become replacement distribution files, perpetuating the challenged disclosures despite relief elsewhere. The request covers all six complete files, not only Episodes 5 and 6, while preserving public pleadings, rulings, and appropriate excerpts.

Seal all six originals until further order, preserving access for the Court, authorized personnel, parties, and counsel. Alternatively, prohibit nonparty remote access under Rule 5.2(e)(2), with Court-approved redacted excerpts or supervised inspection as appropriate. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99, 608–10 (1978), distinguishes access to proceedings from an asserted right to obtain and broadcast recording copies. Plaintiff requests file-specific findings, preservation of the complete evidence, and protection of the Court's copies, without prejudging the merits.

3. Procedure and service. Under Local Rule 102(d), accept this combined notice, request, and appended order for public filing without separate lodging or duplicate submission of the existing 33-page filing and six nonpaginated recordings, which Plaintiff cannot access or reproduce. This paper packet contains no biometric image or recording.

September 17, 2026

p.p. Jamie Osuna

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE OSUNA BD0868<br>CSP-COR PO Box 8800<br>Corcoran, CA 93212,<br>Plaintiff,<br><br>v.<br>OLIVIA LaVOICE, et al.,<br>Defendants. | Case No. 1:24-cv-01122-KES-EGC<br><br>**[PROPOSED]** ORDER REDACTING THUMBPRINT AND RESTRICTING PUBLIC ACCESS TO RECORDED EXHIBITS |

The Court finds compelling reasons to protect unnecessary biometric detail and prevent redistribution of the complete recordings' intimate disclosures and disputed material, preserving the evidence and public judicial reasoning. The Court ORDERS:

1. Under Local Rule 102(d), accept this packet for public filing without separate lodging or duplicate exhibits; transmit it through CM/ECF to registered counsel.

2. Within seven days, Nexstar Media Inc. shall replace ECF No. 37-1 (33 pages) with a public copy irreversibly redacting only the thumbprint on page 27. Preserve all other content and pagination; seal the original upon replacement.

3. Seal all six recordings identified in ECF No. 37-1 at 2, ¶ 3 & n.1, including uploaded and portable-media copies. Disable public electronic access and copying. Preserve the complete originals, unaltered, until further order.

4. Both protections continue until further order. Access is permitted to the Court, authorized personnel, parties, and counsel, not other inmates. Additional public access requires Court approval. Plaintiff's usable access remains separately addressed. This order remains public and changes no filing deadline.

**IT IS SO ORDERED.**

Dated: ____________________

____________________________
UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE

Plaintiff proceeds pro se and submits these papers in paper form under L.R. 133(a), (b)(2). Upon filing and transmission through CM/ECF, the Notice of Electronic Filing effects service on registered counsel Robert S. Gutierrez and Elizabeth Schilken for Nexstar Media Inc. (identified in ECF No. 37 as "erroneously sued as Nexstar Media Group, Inc. and KGET17 News"). Fed. R. Civ. P. 5(b)(2)(E); L.R. 135(a), (f), (g)(1). No separate certificate is required for that electronic service. Fed. R. Civ. P. 5(d)(1)(B). The proof below concerns conventional service on LaVoice.

On September 17, 2026, in California, copies of Plaintiff's (1) Opposition to Nexstar Media Inc.'s Motion to Dismiss Fourth Amended Complaint and Objections to Request for Judicial Notice; (2) Motion to Clarify Defendant Identity and Caption and Address Access to Recorded Exhibits, including declaration; and (3) Motion to Redact Thumbprint and Restrict Public Access to Recorded Exhibits, including proposed order, were enclosed in sealed envelopes addressed as follows, with first-class postage fully prepaid, and placed for mailing through the United States Postal Service:

1. Olivia LaVoice
   434 10th Ave W
   Kirkland, WA 98033
2. Olivia LaVoice
   c/o Richard LaVoice
   708 2nd St
   Kirkland, WA 98033-9805

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 17, 2026

p.p. Jamie Osuna