Robert S. Gutierrez (Bar No. 143223)
gutierrezr@ballardspahr.com
Elizabeth Schilken (Bar No. 241231)
schilkene@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel: 424.204.4400 | Fax: 424.204.4350

Attorneys for Defendant NEXSTAR MEDIA INC.
(erroneously sued as Nexstar Media Group, Inc. and KGET17 News)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jamie Osuna<br>CDC # BD0868<br>CSP-COR<br>PO Box 3476<br>Corcoran, CA 93212,<br><br>Plaintiff,<br><br>v.<br><br>Olivia LaVoice<br>KGET17 News,<br>Nexstar, et al,<br><br>Defendants. | CASE NO. 1:24-cv-01122-KES-EGC<br><br>The Hon. Kirk E. Sherriff<br><br>**OPPOSITION OF DEFENDANT NEXSTAR MEDIA INC. TO PLAINTIFF'S MOTION TO REDACT THUMBPRINT AND RESTRICT PUBLIC ACCESS TO RECORDED EXHIBITS** |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Nexstar Media Inc., erroneously sued as Nexstar Media Group, Inc. and KGET17 News ("Defendant"), hereby submits this memorandum in opposition to Plaintiff Jamie Osuna's ("Plaintiff's") Motion to Redact Thumbprint and Restrict Public Access to Recorded Exhibits ("Motion"). The Court should deny the Motion because the materials Plaintiff seeks to remove from the public court file are not confidential, and even if they were, Plaintiff has waived any claim of confidentiality.

The Motion seeks an order requiring Defendant to replace the publicly filed Exhibit 10 to the Declaration of Robert S. Gutierrez in Support of Defendant's Motion to Dismiss (ECF #37-1), which consists of a Felony Advisement of Rights, Waiver and Plea Form signed by Plaintiff in 2017 ("Plea Agreement"), with a redacted copy of the Plea Agreement that obscures Plaintiff's thumbprint. In addition, the Motion asks the Court to seal other publicly available materials filed with the Motion to Dismiss, namely, audio recordings of the six episodes of Defendant's Podcast "The Man With A Thousand Faces" ("Podcast"), which are accessible on YouTube.

The Motion should be denied in its entirety, as it fails to set forth any authority supporting either request. *See* L.R. 140 (requiring redaction of minor's names, financial account numbers, Social Security numbers, dates of birth, and, in criminal cases, home addresses, and in "[a]ll other circumstances … when federal law requires redaction"); L.R. 141(b) ("[a] 'Request to Seal Documents' shall set forth the statutory or other authority for sealing").

**A. Plaintiff's Thumbprint on His Plea Agreement Is a Public Record**

The Plea Agreement that was publicly filed in Kern County Superior Court on March 28, 2017, when Plaintiff pleaded guilty to the torture and murder of Yvette Pena, contains an image of Plaintiff's thumbprint on the last page, pursuant to Penal Code § 992. That code section provides:

> In any case in which the defendant is charged with a felony, the court shall require the defendant to provide a right thumbprint on a form developed for this purpose. Unless the court has obtained the thumbprint at an earlier proceeding, it shall do so at the arraignment on the information or indictment, or upon entry of a guilty or no contest plea under Section 859a.… *The fingerprint form shall be permanently maintained in the superior court file.*

*Id.* (emphasis added).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Thus, Plaintiff's thumbprint was required by law to remain permanently in the criminal case file in Kern County Superior Court. This file is presumptively a public record. The federal and state Constitutions "provide broad access rights to judicial hearings and records," and "[r]ecords from judicial proceedings are subject to a public right of access as a continuation of the common law right to inspect and copy judicial records." *Alfaro v. Superior Court*, 58 Cal. App. 5th 371, 384 (2020) (cleaned up). In particular, "California … recognizes the presumption of accessibility of judicial records in criminal cases[.]" *Id.* at 384-85 (cleaned up).

In the Ninth Circuit, "'Those who seek to maintain the secrecy of [court] documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy,'" whereas a showing of good cause is required to seal records attached to non-dispositive motions. *Dennis v. Kernan*, 2022 U.S. Dist. LEXIS 42104, *8-9 (E.D. Cal. Mar. 8, 2022) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Plaintiff's Motion fails to explain why his thumbprint, which is part of a public court record, should be considered confidential or private. Thus, the Motion fails to show a compelling reason for the redaction. It does not cite any rule, statute, case or other authority making the information confidential, and indeed, state law provides that it be maintained as part of the publicly accessible criminal case file. P.C. § 992. Indeed, it has been available through the Kern County Court for nine years. *See Performance Chevrolet, Inc. v. ADP Dealer Servs.*, 2015 U.S. Dist. LEXIS 24221 (E.D. Cal. Feb. 27, 2015) (declining to seal allegedly confidential document that was already public). Plaintiff's request to redact the Plea Agreement should be denied.

**B. The Podcast Is Publicly Available, and Plaintiff's Prior Court Filings Already Disclose the Information He Claims Is Private**

Plaintiff's Motion asks the Court to "[s]eal all six original[]" copies of the Podcast episodes, which were uploaded to the Court's website with the Motion to Dismiss. *Id.* at 2:5-6; *see* Gutierrez Decl., ¶ 3, n.1, Exs. 1-6. The episodes are publicly available on YouTube, and would remain available even if the Court granted Plaintiff's baseless sealing request. *See* Mot. at 2:1-2 (acknowledging episodes are on YouTube); Fourth Amended Complaint ("FAC"), 1:28 (alleging that all episodes and timestamps referenced in FAC are "sourced from URLS: https://www.

youtube.com/playlist?list-PLnRJFiceQmOOyDnjCFhz-Ma-pelVXiUJmw [Man a with Thousand Faces]").

The Motion argues the audio exhibits should be sealed because the Podcast contains "intimate sexual, therapeutic, and medication disclosures." *Id.* at 1:22. However, Plaintiff has already repeated the disclosed information in public court documents. The Complaint, Amended Complaint, Second Amended Complaint, Third Amended Complaint, and Fourth Amended Complaint all disclose the referenced information regarding (1) the allegation in the Podcast, shared by Plaintiff's ex-wife, that Plaintiff disclosed in couples therapy that he had been sexually abused as a child; (2) the allegation in the Podcast, shared by the ex-wife, that their child was conceived in what the ex-wife thought was a one-night stand; and (3) Plaintiff's taking anti-psychotic medications while incarcerated.[1]

Thus, the information Plaintiff moves the Court to seal is already contained in the pleadings and there is no compelling reason to remove the audio recordings from the court file. *Performance Chevrolet*, 2015 U.S. Dist. LEXIS 24221 at *1-2 (defendant could not show good cause to seal document allegedly containing sensitive information when defendant had already filed the document twice) ("cases addressing this issue have denied requests to seal documents where they were already publicly filed, or where the information contained in the documents is already in the public domain.").

Plaintiff argues that the Podcast episodes were submitted for an improper purpose. Mot. at 1:12-14 (citing *Kamakana*, 447 F.3d at 1179) (holding compelling reason for sealing exists when records are filed for improper purposes such as to "promote public scandal"). However, because the episodes were newsworthy and the very focus of Plaintiff's claims in his Fourth Amended Complaint, Defendant plainly was not motivated by an improper purpose in submitting them to the Court in support of its motion to dismiss. *See id.* (Dkt. #37) at 19:1-20:17 (arguing newsworthiness defense to privacy claim).

///

[1] Compl. (Dkt. #1), ¶¶ 52-53, 60; Am. Compl. (Dkt. #8), ¶¶ 53-54, 61; Second Am. Compl., ¶¶ 67-68, 75 (Dkt. #17); Third Am. Compl., ¶¶ 54, 92 (Dkt. #19); FAC (Dkt. #25), ¶¶ 45, 75.



Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

For the foregoing reasons, Plaintiff's Motion should be denied.

DATED: October 12, 2026

**BALLARD SPAHR LLP**

By: */s/ Robert S. Gutierrez*
Robert S. Gutierrez

Attorneys for Defendant
Nexstar Media Inc.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, I caused a true and correct copy of the foregoing document to be served upon the following counsel of record by depositing a copy in the United States Mail, postage prepaid, addressed as follows:

**OPPOSITION OF DEFENDANT NEXSTAR MEDIA INC. TO PLAINTIFF'S MOTION TO REDACT THUMBPRINT AND RESTRICT PUBLIC ACCESS TO RECORDED EXHIBITS**

Jamie Osuna — *Plaintiff*
CDC # BD0868
CSP-COR
PO Box 3476
Corcoran, CA 93212

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 12, 2026, at Los Angeles, California.

[signature]
Cynthia A. Touchard

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400